UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FLOYD BEEBE,<br><br>   Plaintiff,<br><br> v.<br><br>MICHAEL RAMSEY, et al.,<br><br>   Defendant | No. 2:17-cv-2489 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

  Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  For the reasons stated herein, plaintiff's motion to proceed in forma pauperis will be granted. However, the undersigned shall recommend that the action be dismissed for failure to state a claim and for seeking monetary relief from defendants who are immune from such relief. See 28 U.S.C. § 1915A(b)(1)-(2).

I.  IN FORMA PAUPERIS APPLICATION

  Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. PLEADING STANDARD

A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

////

3

Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

IV. PLAINTIFF'S COMPLAINT[1]

Plaintiff names Michael Ramsey, an attorney at the Butte County District Attorney's Office, and Tamara Mosbarger, a judge in Butte County as defendants in this action. See ECF No. 1 at 1-2. Liberally construing the complaint,[2] it alleges defamation of character and judicial misconduct related to a plea bargain plaintiff entered into on October 18, 2017. See generally id. at 3-5. Specifically, plaintiff alleges that after he entered into the plea agreement,[3] defendant Ramsey issued a press release stating that plaintiff was facing a potential sentence of thirty-two years-to life. As a result, defendant Mosbarger allowed this information into evidence and incorrectly determined that plaintiff had strikes on his record. See id. at 3-5.

Plaintiff contends that defendants' actions constituted defamation of character and judicial misconduct. See id. at 3-5. He further argues that they caused him undue stress and mental and emotional trauma.[4] See id. at 3-5. He seeks two million dollars in monetary and punitive damages. See id. at 6.

V. DISCUSSION

Plaintiff's claims of defamation and judicial misconduct fail to state claims upon which relief may be granted. This is because both defendants are immune from suit, and damages may not be assessed against them.

////

////

---

[1] At the time plaintiff filed the instant complaint, he was an inmate at the Butte County Jail. See ECF No. 1 at 1. He has since been moved to High Desert State Prison. See ECF No. 6.
[2] See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).
[3] Although plaintiff claims that defendant Ramsey's actions were retaliatory (see ECF No. 1 at 4), he provides no information regarding which constitutional right plaintiff exercised that purportedly led defendant Ramsey to retaliate against him.
[4] Plaintiff states that he "[is] a mental disorder person under ADA." ECF No. 1 at 3 (brackets added).

4

A.  Defendant Ramsey

It is well-settled that prosecutors are absolutely immune from suit pursuant to Section 1983 for acts carried out during the performance of their duties. See Imbler v. Pachtman, 424 U.S. 409, 427, 431 (1976); see generally Swift v. California, 384 F.3d 1184, 1188 (9th Cir. 2004). "Attaining the system's goal of accurately determining guilt or innocence requires that . . . the prosecution . . . [has] wide discretion in the conduct of the trial and the presentation of evidence." Imbler, 424 U.S. at 426 (brackets added). The presentation of motions which state the law, and affidavits which aver to facts, clearly constitute prosecutorial advocacy on behalf of the State. Such actions are not administrative or investigative in nature, and therefor do not fall outside the scope of the privilege. See Burns v. Reed, 500 U.S. 478, 491 (1991) (referencing Imbler, 424 U.S. at 430-31).

Accordingly, Ramsey may not be sued for defamation or be subject to damages in this case. The conduct which plaintiff identifies as a basis for liability – Ramsey's issuance of a press release related to plaintiff's case – occurred during the performance of his duty in prosecuting plaintiff. As a result, Ramsey is immune.[5]

B.  Defendant Mosbarger

It is also well-settled that judges are immune from Section 1983 liability for their judicial acts. This is the case even when they are accused of acting maliciously or corruptly. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967); Swift, 384 F.3d at 1188 (citing Pierson). In addition, judges are also immune from monetary judgments. See Pierson, 386 U.S. at 553-54; see generally Mireles v. Waco, 502 U.S. 9, 11 (1991) (citation omitted) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."). The only exceptions to judicial immunity are when (1) an action taken is nonjudicial, and (2) jurisdiction is absent. Mireles, 502 U.S. at 11-12.

---

[5] Even if Ramsey were not entitled to immunity, plaintiff's allegations would not state a claim for defamation. The complaint does not dispute the truth of the press release. Under federal law, truth is a complete defense to defamation. See, e.g., Garrison v. Louisiana, 379 U.S. 64, 73 (1964) (stating publication of truth cannot make one liable and finding publication of materially true statement constitutionally protected).

5

Judge Mosbarger's alleged consideration of evidence, whether or not it was proper, occurred during the course of her duties as a jurist; plaintiff does not allege otherwise. See generally ECF No. 1 at 3-5. There are no facts suggesting that Judge Mosbarger acted in the complete absence of jurisdiction. See id. Accordingly, plaintiff's claim of judicial misconduct fails to state a claim upon which relief may be granted, and improperly seeks damages against defendant Mosbarger. The claim therefore must be dismissed.

### C. Futility of Amendment

Neither prosecutorial nor judicial immunity can be overcome by the pleading of additional facts. Accordingly, the complaint cannot be cured by amendment and amendment would be futile. Leave to amend is therefore inappropriate. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

### D. Recharacterization as Habeas Action

The Supreme Court has stated that a pro se litigant's civil rights complaint may, in appropriate circumstances, be recharacterized as a habeas petition. See Castro v. United States, 540 U.S. 375, 383 (2003); see generally Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016) (citing Castro). As discussed below, it would not be appropriate in this case to recharacterize the complaint as a habeas petition.

First, plaintiff does not name the sheriff or the warden as a party to the action. See generally ECF No. 1 at 1-2. A habeas petition must name the state officer who has custody as the respondent. See Rules Governing Section 2254 Cases, Rule 2(a); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Next, plaintiff seeks punitive damages. See ECF No. 1 at 6. Claims for damages are neither appropriate nor available on habeas review. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (citation omitted).

Finally, there is no indication that plaintiff intended to file a habeas petition. Plaintiff is not challenging his sentence; he simply takes issue with that fact that at the time, he was facing a

////

////

6

potential thirty-two-year sentence.[6] In sum, plaintiff is merely challenging the actions of the defendants during his criminal proceedings. When a plaintiff's intentions are not clear, the court should not convert a defective Section 1983 complaint into a habeas petition. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). For these reasons, the court will not construe the instant complaint as a habeas petition.

VI.   CONCLUSION

For the reasons explained above, the undersigned recommends that the action be dismissed for failure to state a claim upon which relief may be granted. See Hishon, 467 U.S. at 73.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court randomly assign a District Court Judge to this action;

2. Plaintiff's motion to proceed in forma pauperis, filed November 27, 2018 (ECF No. 2), is GRANTED, and

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

IT IS FURTHER RECOMMENDED that plaintiff's complaint filed November 27, 2017 (ECF No. 1) be DISMISSED, without leave to amend, for failure to state a claim upon which relief may be granted and for seeking monetary relief from defendants who are immune from such relief. See 28 U.S.C. § 1915A(b)(1)-(2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

---

[6] Plaintiff fails to state whether he was ultimately sentenced to a term that was closer to the thirteen years in his plea agreement or to one that was closer to the possible thirty-two-year term. See generally ECF No. 1.

7

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 8, 2019.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE